**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES FOOD & DRUG )<br>ADMINISTRATION, )<br>    Defendant. ) | CAUSE NO.: 1:17-MC-26-PRC |

## OPINION AND ORDER

This matter is before the Court on an Animal Legal Defense Fund's Motion to Transfer Non-Party Agri Stats, Inc.'s Motion to Quash Subpoena [DE 10], filed by Plaintiff Animal Legal Defense Fund (ALDF) on July 14, 2017. Non-Party Agri Stats, Inc. ("Agri Stats") filed a response on July 27, 2017. ALDF filed a reply on July 31, 2017.

This miscellaneous action was initiated by Agri Stats, which filed a Motion to Quash Subpoena on July 3, 2017. The subpoena was requested by ALDF and commands Agri Stats to sit for a deposition. The subpoena was issued by the Northern District of California in Cause Number 3:12-cv-04376-EDL. Because the subpoena requires compliance in this district, the Motion to Quash Subpoena was properly filed in the Northern District of Indiana. *See* Fed. R. Civ. P. 45(3)(A).

In the Motion to Quash Subpoena, Agri Stats asks the Court to quash the subpoena on the basis that the subpoena violates the Case Management Order issued by Magistrate Judge Elizabeth Laporte in the underlying litigation and because the information sought in the deposition is not relevant to that pending litigation.

In the Motion to Transfer, ALDF asks the Court to transfer the Motion to Quash Subpoena to the Northern District of California for disposition by Magistrate Judge Laporte. Federal Rule of Civil Procedure 45(f) governs this request. Pursuant to Rule 45(f), "[w]hen the court where

compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Agri Stats does not consent to transfer of the Motion to Quash Subpoena, so ALDF's Motion to Transfer will be granted only if the Court finds exceptional circumstances.

The Advisory Committee Notes to the 2013 amendment to Rule 45 clarify the type of "exceptional circumstances" contemplated by the rule.

> [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 advisory committee's note. The central concern weighing against transfer of a motion to quash a subpoena is the burden on the local non-party subject to the subpoena. *Id.* As the party requesting transfer, ALDF bears the burden to show that exceptional circumstances exist. *Id.*

Since the 2013 amendment to Rule 45, a few district courts within the Seventh Circuit have addressed the issue of exceptional circumstances. The arguments made in the motion to quash guide the determination of whether exceptional circumstances exist. Some arguments, such as privilege, fees, time for compliance, burden, or issues with service of the subpoena require no familiarity with the underlying litigation and do not present exceptional circumstances warranting transfer. *See In re Motion for Protective Order*, No. 1:16 MC 42, 2016 WL 4415008, at *2 (S.D. Ind. Aug. 18, 2016) (privilege and burden); *Extrusion Mach. & Equip., Inc. v. Ameriform Acquisition Co., LLC*, No. 2:16 MC 0001, 2016 WL 2736008, at *2 (S.D. Ind. May 11, 2016) (service); *Elliot v. Mission*

*Tr. Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *2 (N.D. Ill. Apr. 7, 2015) (fees, times for compliance, and burden).

If, however, a ruling on the motion to quash could be inconsistent with the rulings of the issuing court or involves determination of a question central to the pending litigation, then there may be exceptional circumstances. *See In re Motion for Protective Order*, No. 1:16 MC 42, 2016 WL 4415008, at *2 (granting transfer where resolution of motion to quash requires determination of the propriety of a protective order that would govern discovery for all parties in the underlying litigation); *Cont's Auto. Sys., U.S.., Inc. v. Omron Auto Elecs., Inc.*, No. 14 C 3731, 2014 WL 2808984, at * 2 (N.D. Ill. June 20, 2014) (determination of a central question).

Here, the procedural background of the underlying litigation is useful to the Court's analysis. In 2011, ALDF sought information from Defendant United States Food and Drug Administration (FDA) under the Freedom of Information Act regarding egg production in Texas. *Animal Legal Def. Fund v. Food & Drug Admin.*, 819 F.3d 1102, 1105 (9th Cir. 2016), *rehearing en banc granted, Animal Legal Def. Fund v. U.S. Food & Drug Admin*, 835 F.3d 891 (9th Cir. 2016).[1] The FDA released redacted records, indicating that the redactions were necessary to preserve trade secrets or similar privileged information. *Id.* at 1105-06. ALDF filed suit to compel production of unredacted records. *Id.* at 1106. After the FDA filed for summary judgment, ALDF moved for discovery directed to whether the redacted information was publicly available. *Id.* The district court denied the motion for discovery. *Id.* The district court ordered disclosure of the number of birds per cage but granted summary judgment in favor of the FDA on the other five categories of redacted information. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, No. C-12-04376, 2013 WL 4511936, at *9

---

[1]This case is no longer precedential, but the Court cites to it only for the purpose of describing the procedural history of the underlying litigation.

3

(N.D. Cal. Aug. 23, 2013). The Ninth Circuit Court of Appeals ultimately reversed and remanded the case to the district court. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 839 F.3d 750, 751 (9th Cir. 2016).

Upon the litigation's remand to the district court, Magistrate Judge Laporte issued a Case Management and Pretrial Order for Bench Trial. That Order allowed only the following limited discovery:

> Limited discovery in the form of depositions will be permitted only on the issue of whether disclosure under the FOIA, individually and/or collectively, of five categories of information . . . is likely to cause substantial competitive harm. Each party may take the deposition of any witness who is expected to offer testimony on the issue of competitive harm at the evidentiary hearing in this matter. . . . Except as specified herein, discovery will not be permitted on any other topic, including whether the redacted information is or was publicly available. All other discovery, including written discovery in the form of interrogatories, requests for documents, and requests for admissions, are not permitted.

*Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 3:12-cv-4376, slip op. at 2 (N.D. Cal. Jan. 11, 2017) *available at* Index of Exs. for Mot. to Quash, 6, ECF No. 3.

Because of Magistrate Judge Laporte's Order indicating that discovery was permitted for only a limited purpose and in a desire to not undermine the prescribed scope of that discovery, the Court finds that this weighs in favor of transferring the Motion to Quash Subpoena. Further, Agri Stat's argument that the information sought is not relevant is also better determined by Magistrate Judge Laporte, who has already developed familiarity with this case and its disputed material facts. Though Agri Stats has an interest in local disposition of this matter, the Court finds that this interest is outweighed by the exceptional circumstances that are present. The Motion to Quash Subpoena should be transferred to the Northern District of California for a ruling by Magistrate Judge Laporte.

4

Based on the foregoing, the Court hereby **GRANTS** Animal Legal Defense Fund's Motion to Transfer Non-Party Agri Stats, Inc.'s Motion to Quash Subpoena [DE 10]. The Court **DIRECTS** the Clerk of Court to **TRANSFER** all docket entries filed in this matter to Cause Number 3:12-cv-04376-EDL, pending before Magistrate Judge Laporte in the Northern District of California.

The Court further **DIRECTS** the Clerk of Court to **TERMINATE** this matter on the Court's docket.

So ORDERED this 18th day of August, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT